Traer v. Filkins.

TRAER v. FILKINS.

| | 10 | 563 |
|---|---|---|
| | 102 | 146 |

1. WRONGFUL SALE FOR TAXES: MEASURE OF DAMAGES. The measure of damages for the wrongful sale of lands for taxes, in an action under section 509, Code of 1851, against the treasurer of a county, is the principal sum paid to the defendant by the plaintiff, with interest thereon.

2. SAME: AMENDMENT. The measure of damages fixed by section 63, chapter 152, laws of 1858, does not apply in actions for damages for the wrongful sale of real estate for taxes, when the sales complained of were made prior to the enactment of said chapter.

3. SAME: COSTS. Costs incurred in a proceeding to foreclose a tax title under chapter 152, laws of 1858, can not be recovered in an action against a treasurer under section 63 thereof, for the reason that no such proceeding was contemplated by that chapter.

4. JUDGMENT. A judgment in the District Court for a sum equal to the amount recovered in the justice's court and interest thereon, does not authorize a judgment against the appellee for costs.

Traer v. Filkins.

*Appeal from Benton District Court.*

SATURDAY, OCTOBER 6.

ACTION by the purchaser of property at a tax sale, against the treasurer who sold the same, under section 509, Code of 1851. The material facts are stated in the opinion of the court.

*Corbin, Dow & Brown* for the appellant, contended that under chapter 152, Laws 1858, (section 63,) the defendant was liable for the principal, interest, and costs incurred.

No appearance for the appellee.

BALDWIN, J.—The plaintiff brought his action before a justice of the peace to recover damages for the wrongful sale of land by defendant at a tax sale. The plaintiff claimed to recover the amount paid to defendant for said lands, with interest thereon, and the costs of a foreclosure in the District Court, and attorneys' fees. Judgment was rendered in favor of plaintiff by the justice for the sum of $4.48. Plaintiff appealed to the District Court and upon the trial, obtained a judgment for the sum of $4.77½, but without costs. From this judgment plaintiff appeals.

The court instructed the jury that the plaintiff was entitled to recover the money paid to defendant for the land wrongfully sold, but that he was not entitled to recover of defendant any costs made by the plaintiff in his proceedings of foreclosure. This instruction of the court is claimed by appellant as erroneous. The wrongful sale is alleged to have been made by defendant in the year 1856. When the costs were made by plaintiff in his foreclosure proceeding, and for which he claims defendant is responsible, does not appear. Under section 509 of the Code, we think the defendant was liable only for the principal and interest. The law makes him liable thus far and no farther. The act of 1853, page 124, section 16, does not increase the defendant's liabil-

ity; nor do we consider that defendant is liable under section 63, chapter 152 of the acts of 1858, for sales wrongfully made prior to the passage of said act. He is liable under the acts of 1858, for sales wrongfully made under the provisions of that act alone. The costs with which plaintiff seeks to charge defendant, are those arising out of his foreclosure proceedings only. We can not ascertain the necessity of a foreclosure under the act of 1858. It does not give to the purchaser at such sale any better title. If costs are made without any necessity therefor the plaintiff should not recover them back.

It is further claimed by plaintiff that the court erred in refusing to allow him costs in the District Court. The judgment in the District Court was twenty-nine and one half cents greater than the one rendered by the justice; the excess being equal the interest that had accrued from the date of that judgment.

We can not regard the judgment in the District Court as a more favorable one to appellant than was given to him by the justice. Plaintiff recovered the money paid to defendant and twenty-five per cent interest, (before the justice,) and this is all he could recover in the District Court, under its instructions, which we hold as correct.

Judgment affirmed.