J. B. T. RITCHEY, Appellant, v. F. W. ADLEFINGER AND R. T. YOUNG.

**Appeal from Justice:** SIZE OF DISTRICT COURT JUDGMENT: *Costs.* In determining whether a judgment for plaintiff on his appeal to the district court is more favorable to him than his judgment in the justice's court, so as to exempt him from payment of costs of appeal (Code, section 3592), interest on the judgment in the justice's court, at the rate fixed therein, from its date to the date of the second judgment, must be included to ascertain the size of the justice's judgment.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

THURSDAY, MAY 13, 1897.

PLAINTIFF brought this action in justice's court
to recover two hundred dollars on a promissory note.
Defendants admitted the execution of the note,
denied that anything was due thereon, and pleaded a
counter-claim as a further defense. Plaintiff recovered judgment in the justice's court on June 16, 1894,
for one hundred and seventeen dollars and twenty
cents, and for eight per cent. interest thereon from that
date. From this judgment plaintiff appealed to the district court, in which court on October 28, 1895, judgment
was rendered in his favor for one hundred and twenty-
five dollars and eighty-seven cents. On October 30, 1895,
the defendants moved to tax the costs made in the
district court to the plaintiff, upon the ground that he
had not obtained a more favorable judgment than
that from which he appealed. This motion was sustained, and judgment for costs entered accordingly,
from which judgment the plaintiff appeals.—*Affirmed.*

*Ayres, Woodin & Ayres* for appellant.

*A. A. McLaughlin* for appellees.

GIVEN, J.—Section 3592 of the Code provides, in
cases of appeal from a justice's court, that "the appellant must pay the costs of the appeal, unless he obtains a
more favorable judgment than that from which he
appealed." The judgment appealed from was not only
for one hundred and seventeen dollars and twenty
cents, but also for eight per cent. interest on that
amount until paid, from the date of the judgment.
The judgment in the district court was for one hundred

and twenty-five dollars and eighty-seven cents. The contention is whether, in determining which is the more favorable judgment to plaintiff, interest on the first, from its date, at the rate adjudged, to the date of the last, should be included. This is fully answered in *Traer v. Filkins*, 10 Iowa, 563, wherein the court says: "The judgment in the district court was twenty-nine and one-half cents greater than the one rendered by the justice, the excess being equal to the interest that had accrued from the date of that judgment. We cannot regard the judgment in the district court as a more favorable one to appellant than was given to him by the justice." While it is true, as contended, that that case was upon a different cause of action from this, yet said section 3592 is alike applicable to both. The cause of action does not control the application of that section. The fact that a counter-claim was pleaded in this case does not affect the application of said section. The single inquiry is whether the judgment obtained by plaintiff in the district court is more favorable to him than the one from which he appealed. We think it is not, and therefore defendants' motion was properly sustained.— AFFIRMED.